UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN GOSS,

        Plaintiff,

                                  CASE NO. 5:06-CV-13887
v.                                HONORABLE JOHN CORBETT O'MEARA

RENAY BROWN, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Sean Goss's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at Camp Branch in Coldwater, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are Parole Agent Renay Brown, Parole Supervisor Leslie Tyus, and Michigan Department of Corrections Director Patricia Caruso. In his complaint, Plaintiff alleges that his parole was revoked and he was given a 24-month continuance based upon defendant Brown's parole violation report which stated that he had been arrested for child abuse and charged him with conduct involving a violation of state law. Plaintiff contends that the report was untrue and was used to enhance his prison term. Plaintiff seeks monetary damages.

Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.

1

II.

On July 27, 2004, defendant Brown prepared a parole violation report charging Plaintiff with two parole violations, one for failure to report and one for leaving substance abuse treatment without permission. This report was approved by defendant Tyus. *See* Plaintiff's Exh. #1. On August 19, 2004, defendant Brown prepared a supplement parole violation report which stated that Plaintiff had been arrested by the Detroit Police on child abuse and parole violation charges. *See* Plaintiff's Exh. #2. On September 17, 2004 at the arraignment on the charges, Plaintiff admitted his guilt of the first two charges but denied the third charge. At the formal hearing, the third charge was dismissed upon the motion of the Office of Field Programs. *See* Parole Board Notice of Action, Plaintiff's Exh. #3. The Parole Board revoked Plaintiff's parole and imposed a 24-month continuance of incarceration.

The documents attached to the complaint indicate that Plaintiff filed a grievance concerning this matter, which was denied at Step I on February 14, 2006 and at Step II on March 6, 2006. Those decisions indicate that the Parole Board did not consider the dismissed assault charge in imposing the 24-month continuance, but instead based its decision upon the violations for failing to report and leaving treatment without permission, as well as Plaintiff's adjustment while on parole and his overall history. Plaintiff has submitted a Step III grievance, but has apparently not received a timely reply.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

2

seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

III.

A.

Plaintiff's complaint is subject to dismissal because he has not demonstrated that the defendants engaged in conduct which violated his constitutional rights. Plaintiff has failed to allege any facts to show that defendant Brown submitted a false parole violation report by stating that Plaintiff had been arrested, in part, for child abuse. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g., Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987). Further, Plaintiff has failed to allege facts to show that the Parole Board

3

relied upon any false information in issuing its revocation decision.  In fact, the documents attached to the complaint belie Plaintiff's assertions.  The Parole Board Notice of Action states that the child abuse charge was dismissed, *see* Plaintiff's Exh. 6, and the Step I Grievance Response states that the Parole Board's decision was based upon the other two parole violations, as well as Plaintiff's adjustment and overall history.  *See* Attachment to Complaint.

Plaintiff has also failed to allege facts which indicate that the alleged deprivation of his rights was intentional.  An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983.  *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (ruling that even gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense").  Plaintiff does not set forth facts indicating that the defendants' conduct was intentional in the constitutional sense.

B.

Furthermore, to the extent that Plaintiff challenges the duration of his continued confinement, he fails to state a claim upon which relief may be granted.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Plaintiff, however, essentially challenges the 24-month continuance issued by the Parole Board because he asserts that the Board's decision was based upon the allegedly false report.  Such a claim is not properly brought under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on

his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The United States Supreme Court has recently affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, _ U.S. _, 125 S. Ct. 1242, 1248 (2005). Because the duration of Plaintiff's confinement would be called into question if he were to prevail on his claim that the Parole Board relied upon a false report, his complaint under § 1983 is subject to dismissal.

C.

Plaintiff's claim against defendant Caruso is also subject to dismissal because Plaintiff has failed to allege facts demonstrating her personal involvement in the events giving rise to his complaint. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983 and that such liability cannot be based upon a theory of *respondeat superior*. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with

respect to defendant Caruso. Plaintiff's conclusory claim that defendant Caruso bears responsibility for departmental regulations is insufficient to show her personal involvement. The mere fact that defendant Caruso may have supervisory authority over the other defendants is insufficient to state a claim under § 1983.

D.

Lastly, Plaintiff's claims for damages against the defendants in their official capacities are subject to dismissal on the basis of Eleventh Amendment immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989). "'[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.' This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citations omitted); *see also Ritchie v. Michigan Dept. of Corrections*, 826 F.2d 1065, 1987 WL 38524, *1 (6th Cir. 1987) (unpublished) (MDOC immunity). Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.[1]

---

[1] The Court also notes that the defendant parole agents may be entitled to absolute or qualified immunity from suit, depending on the characterizations of their actions. *See, e.g. Fleming v. Martin, et al.*, 24 Fed. Appx. 258, 259 (6th Cir. 2001); *see also Figg v. Russell*, 433

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and that the defendants in their official capacities are immune from suit on his claim for monetary damages. Accordingly, the Court **DISMISSES** Plaintiff's civil rights complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Dated: September 19, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 19, 2006, ordinary mail.

s/William Barkholz
Case Manager

---

F.3d 593 (8th Cir. 2006).